# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, § § Plaintiff/Judgment Creditor, § § v. § § BANK OZK, § § Garnishee, § § and § § ORYX OILFIELD HOLDINGS, LLC, § KODIAK TRENCHING AND BORING, § LLC, KODIAK RENTAL AND SUPPLY, § LLC, KODIAK TESTING, LLC, ORYX § OILFIELD SERVICES, LLC, KODIAK § EXCAVATION AND UTILITIES, LLC, § MATTHEW J. MAHONE, and LEIGH § ANNE MAHONE, § § Judgment Debtors. § | CIVIL ACTION NO.: 4:20-CV-00832 Related Case: 4:18-CV-832-A |

### THE HANOVER INSURANCE COMPANY'S
### APPLICATION FOR WRIT OF GARNISHMENT

Plaintiff The Hanover Insurance Company, pursuant to Rules 64 and 69 of the Federal Rules of Civil Procedure, Rule 658 of the Texas Rules of Civil Procedure, and Chapter 63 of the Texas Civil Practice and Remedies Code, hereby applies for issuance of a writ of garnishment against Bank OZK ("Garnishee") and, in support thereof, would respectfully show the Court as follows:

# I.
# PARTIES

1.  Plaintiff The Hanover Insurance Company ("Hanover") is a corporation incorporated pursuant to the laws of the State of Delaware with its principal place of business in Worcester, Massachusetts.

2.  Defendant/Garnishee Bank OZK is an Arkansas state-chartered bank with branches throughout the State of Texas and its principal place of business in Little Rock, Arkansas. Bank OZK may be served with the writ of garnishment by serving its registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75021, or wherever it may be found.

# II.
# JURISDICTION AND VENUE

3.  This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See generally Berry v. McLemore*, 795 F.2d 452, 456 (5th Cir. 1986) (finding diversity jurisdiction existed over application for writ of garnishment where garnishor and garnishee were residents of different states).

4.  Venue is proper because the original proceeding in which the Final Judgment, as defined below, was entered in favor of Hanover and against the Oryx Oilfield Holdings, LLC, Kodiak Trenching and Boring, LLC, Kodiak Rental and Supply, LLC, Kodiak Testing, LLC, Oryx Oilfield Services, LLC, Kodiak Excavation and Utilities, LLC, Matthew J. Mahone, and Leigh Anne Mahone (collectively, the "Judgment Debtors") was docketed in this Court in a cause numbered 4:18-CV-832-A, styled *The Hanover Insurance Company v. Oryx Oilfield Holdings, et al.*, in the United States District Court for the Northern District of Texas, Fort Worth Division.

## III.
## BASIS FOR ISSUANCE OF WRIT OF GARNISHMENT

5. Pursuant to Federal Rules of Civil Procedure 64 and 69, the remedies of the State of Texas are available for the seizure of property for the purpose of securing satisfaction of the judgment. The applicable statutes and rules for issuance of a writ of garnishment under Texas law are set forth in Texas Civil Practices & Remedies Code §§ 63.001, et seq.

6. On February 26, 2020, in the United States District Court for the Northern District of Texas, Fort Worth Division, in a cause numbered 4:18-CV-832-A, styled *The Hanover Insurance Company v. Oryx Oilfield Holdings, et al.*, Hanover obtained and has a judgment against Oryx Oilfield Holdings, LLC, Kodiak Trenching and Boring, LLC, Kodiak Rental and Supply, LLC, Kodiak Testing, LLC, Oryx Oilfield Services, LLC, Kodiak Excavation and Utilities, LLC, Matthew J. Mahone, and Leigh Anne Mahone jointly and severally, in the sum of $6,008,984.14, together with pre-judgment in the amount of $570,121.55 and post-judgment interest calculated at the rate of 1.55 percent per annum until judgment is paid (the "Final Judgment"). The Final Judgment is in all things final, valid, subsisting, and—at the time of filing this Application—wholly unsatisfied. A true and correct copy of the Final Judgment is attached hereto as **Exhibit A**.

7. As of the date of this Application, the principal sum of Six Million Eight Thousand Nine Hundred Eighty-Four Dollars and Fourteen Cents ($6,008,984.14), plus pre-judgment interest in the amount of Five Hundred Seventy Thousand One Hundred Twenty-One Dollars and Fifty-Five Cents ($570,121.55) and post-judgment interest calculated at the rate of 1.55 percent per annum until judgment is paid ($255.18 per day from February 26, 2020) is due and owing to Hanover. As of August 7, 2020, $6,619,357.65 is due and owing to Hanover.

8. Within Hanover's knowledge, the Judgment Debtors do not possess property in the State of Texas subject to execution that is sufficient to satisfy the above-described Final Judgment.

9. Hanover has reason to believe that Garnishee Bank OZK is indebted to some or all of the Judgment Debtors by maintaining and holding one or more accounts, including, but not limited to, checking, savings, and/or other financial accounts, held by the Judgment Debtors, either individually or jointly. Any accounts owned by the Judgment Debtors are subject to garnishment. Specifically, any accounts owned by the Judgment Debtors and any non-exempt property are subject to garnishment.

10. The scope of this garnishment, however, is not to be limited to one account, but covers any and all accounts owned by Judgment Debtors, whether individually or jointly, at Bank OZK.

11. Hanover is not seeking to injure or harass Bank OZK or the Judgment Debtors by suing for Writ of Garnishment. Rather, Hanover is attempting to collect on a valid and final judgment.

12. This application is supported by the Affidavit of Phillip W. Pemberton (the "Pemberton Affidavit"), attorney for Hanover, who has knowledge of the relevant facts. The Pemberton Affidavit is attached hereto as **Exhibit B**.

13. Judgment Debtors have not filed a supersedeas bond with the Court.

14. As soon as practicable following service of the Writ of Garnishment on Bank OZK, Hanover will serve on the Judgment Debtors copies of the Writ of Garnishment, Application for Writ of Garnishment, and the accompanying affidavit, pursuant to Texas Rule of Civil Procedure 663a.

WHEREFORE, Plaintiff/Garnishor The Hanover Insurance Company respectfully requests that the Writ of Garnishment be issued, and that The Hanover Insurance Company have judgment against Bank OZK to satisfy the Final Judgment as provided by law, together with all costs of

court incurred in this proceeding, and such other relief at law and in equity to which Hanover may be justly entitled.

Respectfully submitted,

*/s/ Phillip W. Pemberton*
CHRISTOPHER R. WARD
Texas State Bar No. 24008233
cward@clarkhill.com
PHILLIP W. PEMBERTON
Texas State Bar No. 24107892
ppemberton@clarkhill.com
CLARK HILL STRASBURGER
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
Telephone:   (214) 651-4722
Facsimile:   (214) 659-4108

ATTORNEYS FOR PLAINTIFF
THE HANOVER INSURANCE COMPANY